Mary·Etta Murphy, Appellant, v. Adrian H. Joline and Douglas Robinson, as Receivers of the New York City Railway Company, Respondents.

(Supreme Court, Appellate Term, May, 1909.)

Motions and orders — Orders — Resettlement — Resettlement after reversal.

An order setting aside a verdict and granting a new trial in an action in the Municipal Court of the City of New York, when it has been reversed upon an appeal to the Appellate Term, is a nullity and cannot be resettled so as to remove the defect which led to its reversal.

The Municipal Court, having once entertained and decided a motion to set aside a verdict and grant a new trial, has exhausted its power and, after the reversal of its order granting such motion, cannot entertain a new motion ex parte for the same relief.

Appeal by the plaintiff from an order setting aside a verdict in favor of the plaintiff, rendered in the Municipal Court of the city of New York, sixth district, borough of Manhattan.

Wilson Lee Cannon, for appellant.

Anthony J. Ernest, for respondent.

Per Curiam.　This action was tried, on June 25, 1908, before Justice Joseph and a jury, and the plaintiff secured a verdict for $250.　A motion was made by defendant to set aside the verdict as contrary to the evidence and on all the

grounds specified in section 254 of the Municipal Court Act. The court reserved decision until October 13, 1908, when the motion to set aside the verdict was granted. The order entered December 19, 1908, on this decision, setting aside the verdict, failed to set the case down for a new trial, as provided by section 254, *supra.* From this order plaintiff appealed to the Appellate Term, and the order was reversed as unauthorized for having omitted setting down the case for trial at a specified time. This reversal was absolute — it was not an affirmance of a modified order — and so absolutely nullified the order of December 19, 1908, which had been appealed from. Thereafter, on March 9, 1909, the defendant secured *ex parte* another order from Judge Joseph, again setting aside the verdict and this time setting the case down for trial. On March 18, 1909, plaintiff moved on notice to vacate the order of March 9, 1909, on the ground that the said justice was without power, jurisdiction or authority to make the same. This motion was denied and an order entered denying the same on March 19, 1909. From these two orders of March 9, 1909, and March 19, 1909, the plaintiff now appeals. It is the contention of the respondent that the court has jurisdiction at any time to resettle its orders, to the end that justice may be done to all parties. Without discussing that question now, it is sufficient to say it has no bearing on this case. The order of December 19, 1908, was reversed *in toto* and thus nullified. It ceased to have any existence, and the effect of the former decision of this court was to reinstate the verdict and the judgment. The trial court, having passed once upon the question and been overruled, had no jurisdiction *ex parte* and of its own motion to set aside the verdict a second time.

The orders appealed from must be reversed and the verdict and judgment reinstated, with costs to the appellant in this court and in the court below.

Present: GILDERSLEEVE, DAYTON and GOFF, JJ.

Orders reversed and verdict and judgment reinstated, with costs to appellant in this court and in court below.